# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHALICKA STITH-MORALES, individually and on behalf of all persons similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**PALAMERICAN SECURITY, INC.,**<br><br>Defendant. | **Civil Action No.:**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1.      Plaintiff Shalicka Stith-Morales, on behalf of herself and all others similarly situated, brings this lawsuit against PalAmerican Security, Inc. ("PalAmerican" or "Defendant"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 to 219, and applicable Pennsylvania wage-and-hour laws. The allegations that follow are made on personal knowledge as to Plaintiff's own conduct and on information and belief as to the facts of others.

## INTRODUCTION

2.    Plaintiff and members of the proposed class and collective are current and former non-exempt employees of Defendant, who worked as Security Guards or Armed Security Guards (hereinafter referred to collectively as "Security Guards"). Plaintiff seeks to represent other current and former non-exempt employees who work or worked for Defendant as Security Guards in the United States. Defendant's unlawful patterns, practices, and conduct described herein apply broadly to members of the proposed collectives, in violation of the FLSA.

3.    Plaintiff also seeks to represent current and former non-exempt employees who work or worked as Security Guards in Pennsylvania in this class action, and alleges that Defendant has engaged in unlawful patterns, practices, and conduct described herein in violation of Pennsylvania's wage-and-hour laws.

4.    Defendant knowingly and improperly fails to pay Security Guards for all hours worked, fails to maintain accurate time and payroll records, and fails to provide Security Guards with accurate time and payroll statements. As a result of these failures, Plaintiff and those similarly situated did not receive minimum-wage, straight-time, or overtime pay as appropriate for all hours worked, did not receive time and payroll statements that accurately reflect their work performed and hours worked, and had their take-home pay unlawfully reduced.

## JURISDICTION AND VENUE

5.    Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C.

§ 216(b) and 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claims because those claims derive from a common nucleus of operative facts.

7.      Venue in this Court is proper pursuant to 28 U.S.C. 1391. Defendant conducts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

8.      Plaintiff Shalicka Stith-Morales is a citizen of Pennsylvania and resides in Coraopolis, Pennsylvania. Plaintiff Stith-Morales worked for Defendant as an Armed Security Guard from approximately August 2022 to February 2023 in Pittsburgh, Pennsylvania.

9.      Defendant PalAmerican is a full-service security company, operating across the United States. Defendant is a Tennessee corporation and is registered to do business in Pennsylvania. Defendant does extensive business nationwide, including in Pennsylvania.

10.     Defendant employed Plaintiff and continues to employ similarly situated employees as defined by the FLSA, 29 U.S.C. § 203(d). *See also* 29 C.F.R. 791.2(a).

11.     The unlawful acts alleged in this Complaint were committed by Defendant or their officers, agents, employees, or representatives, while actively

3

engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

12.    At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

13.    Plaintiff and Collective and Class members, as defined below, were and are employees of Defendant within the meaning of 28 U.S.C. § 203(e), Pennsylvania state law, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment Collection Law.

14.    At all material times, Plaintiff and Collective and Class members were and are employees who engaged in commerce or in the production of goods for commerce within the meaning of the FLSA under 29 U.S.C. § 207.

15.    Defendant has, and continues to have, annual gross business volumes of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

## COLLECTIVE AND CLASS DEFINITIONS

16.    Plaintiff brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following collective:

> All current and former non-exempt employees of PalAmerican Security, Inc., working as Security Guards or Armed Security Guards throughout the United States during the time period from three years prior to the filing of this Complaint until resolution of this action (the "Collective").

17.    Plaintiff brings Counts II, III, and IV (the Pennsylvania state law claims)

as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself

and the following class:

> All current and former non-exempt employees of PalAmerican
> Security, Inc., working as Security Guards or Armed Security
> Guards throughout the Commonwealth of Pennsylvania during
> the time period from four years prior to the filing of this
> Complaint until resolution of this action (the "Pennsylvania
> Class").

18.     The Collective and the Pennsylvania Class are together referred to as the

"Classes" and the members of the Classes as "Class Members."

19.     Plaintiff reserves the right to redefine the Classes prior to notice or class

certification, and thereafter, as may be warranted or necessary based upon discovery

or otherwise.

## **FACTUAL BACKGROUND**

20.     PalAmerican is a full-service security company, operating across the

United States. PalAmerican offers security and armed security services, mobile patrol

and emergency response, parking management, and investigations and risk

management services.

21.     Plaintiff and Class Members currently work or formerly worked for

Defendant carrying out Defendant's security services.

22.     Security Guards and Armed Security Guard's job duties typically

entailed preventative patrol, video surveillance monitoring, parking enforcement,

incident response & reporting, first aid and safety, and customer service.

23.     Plaintiff Stith-Morales worked for Defendant as an Armed Security Guard from approximately August 2022 to February 2023 in Pittsburgh, Pennsylvania. Plaintiff Stith-Morales typically worked five to six days a week, and on average worked about sixty to seventy hours per week. Plaintiff Stith-Morales was classified as an hourly, non-exempt employee when she was an Armed Security Guard, and was paid an hourly rate of $22.50.

24.     Defendant assigns Plaintiff and Class Members a predetermined work schedule, but Plaintiff and Class Members often worked beyond their scheduled hours.

25.     Defendant does not have a system for Plaintiff and Class Members to clock in and out, and instead Plaintiff and Class Members are required to sign in and out using paper time sheets.

26.     Defendant required Plaintiff and Class Members to arrive ten minutes before their scheduled start time but did not pay them for this additional time. Despite arriving ten minutes early, Plaintiff and Class Members were only allowed to clock in based on their scheduled start time.

27.     Similarly, Plaintiff and Class Members were often asked to arrive an hour or two before their scheduled start time due to understaffing issues. For example, Plaintiff Stith-Morales' shifts typically were scheduled to begin at 8am, yet due to staffing issues she would often be asked to start at 6am. Plaintiff and Class Members are not compensated for the additional two hours because Defendant would only pay

them based on their scheduled start time.

28.     Defendant also routinely required Plaintiff and Class Members to work beyond their scheduled end times. Frequently, Defendant asked Plaintiff and Class Members to continue to work until the next Security Guard arrived if they were running late, which typically entailed an additional five to fifteen minutes of work. On some occasions, Security Guards were asked to work an entire additional shift if the location was short staffed. As described above, although Plaintiff and Class Members accurately self-reported their actual end times, Defendant only paid Plaintiff and Class Members until their scheduled end time. This practice led to Plaintiff and Class Members not being paid for an additional five to fifteen minutes, and sometimes up to three to four hours in a day if they worked an additional shift.

29.     Additionally, Defendant often called and texted Plaintiff and Class Members while they were off the clock to discuss work disputes or ask work-related questions. These calls typically occurred several times a week and lasted about five minutes.

30.     Plaintiff's and Class Members' pre-shift and post-shift work is uncompensated, meaning that Plaintiff and Class Members typically worked about two to six hours of work per week, without compensation.

31.     Thus, Defendant's practices of underreporting and altering hours results in Security Guards performing substantial off-the-clock work, including overtime work, which goes unrecorded and unpaid by Defendant.

32.    The policies and practices of Defendant have been substantially similar for Plaintiff and Class Members, regardless of location.

33.    As a result of the practices described above, Defendant systemically violated, and continues to violate, the FLSA and the wage-and-hour laws of Pennsylvania.

## COLLECTIVE ACTION ALLEGATIONS

34.    Plaintiff pursues her FLSA claims on behalf of the Collective pursuant to 29 U.S.C. § 216(b).

35.    Plaintiff, individually and on behalf of the Collective defined above, seeks relief on a collective basis challenging Defendant's policies and practices of failing to accurately record all hours worked, and failing to properly pay Plaintiff and the Collective for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to by party-plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

36.    Plaintiff's claims for violations of the FLSA may be brought and maintained as a collective action pursuant to Section 216(b) of the FLSA, because Plaintiff's claims are similar to the claims of the members of the proposed Collectives.

37.    The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work off the clock and without

8

compensation in violation of the FLSA.

38.    Plaintiff is representative of the members of the Collective and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

39.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage-and-hour class action and collective action litigation.

40.    The similarly situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, and attorney's fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

41.    Plaintiff brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and the Pennsylvania Class as defined above.

42.    The members of the Pennsylvania Class are so numerous and dispersed that joinder of all members is impracticable. Upon information and belief, there are more than fifty (50) members in the Pennsylvania Class.

43.    Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and

those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's undersigned counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like the one at bar.

44.     There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation:

> a.     whether Defendant violated and continues to violate Pennsylvania state law through their policies and practices of not paying Plaintiff and Class Members for all hours worked;

> b.     whether Defendant violated and continues to violate Pennsylvania state law through their policies and practices of not paying Plaintiff and Class Members at the proper overtime rate for all overtime hours worked;

> c.     whether Defendant violated and continues to violate Pennsylvania state law through their policies and practices of not paying Plaintiff and Class Members at the applicable minimum wage;

45.     Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation: (a) Plaintiff is a member of the Pennsylvania Class; (b) Plaintiff's claims arise out of the same policies, practices and course of

10

conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff's claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class; and (e) the injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class members.

46.    Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

47.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Members of the Pennsylvania Class are readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for Defendant.

48.    A class action is superior to other available methods for adjudication of

this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

49.    Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**COUNT I**
**Violation of the FLSA**
**(On Behalf of Plaintiff and the Collective)**

50.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

51.    Plaintiff and Collective members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

52.    The FLSA requires that covered employees receive compensation for all overtime hours worked of not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(1).

53.    At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. § 203(e).

54.    Defendant is a covered employer required to comply with the FLSA's mandates. 29 U.S.C. § 203(d); 29 C.F.R. § 552.109(a).

55.    Defendant violated the FLSA with respect to Plaintiff and the Collective

by, among other things, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated minimum wage or overtime premium for such work. 29 U.S.C. § 206; 29 C.F.R. § 531.35; 29 U.S.C. § 207(a), (g).

56.     Defendant also violated the FLSA by failing to create, keep, and preserve records of all hours worked by Plaintiff and the Collective, sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

57.     Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt employees of Defendant, working throughout the United States.

58.     Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

59.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not in violation of the FLSA and, as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay or prejudgment

interest at the applicable rate or both. 29 U.S.C. § 216(b).

60.    As a result of the aforesaid violations of the FLSA's provisions, Defendant has unlawfully withheld overtime compensation from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an equal amount as liquidated damages, as well as attorney's fees and the costs of this action.

61.    In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

62.    Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

**COUNT II**
**Violation of the Pennsylvania Minimum Wage Act**
**(On Behalf of Plaintiff and the Pennsylvania Class)**

63.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

64.    The Pennsylvania Minimum Wage Act ("PMWA") requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(a) and 34 Pa. Code § 231.21(b).

65.    The PMWA also requires that Defendant's hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece-rate basis or any other basis, at the rate of seven dollars and fifteen cents ($7.15) per hour commencing July 24, 2009. 43 Pa. Stat. §§ 333.103, 333.104, and 333.113.

66.    An employee who receives less than this minimum wage is entitled to

recover "the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court[.]" 43 Pa. Stat. § 333.113.

67.    The PMWA also requires that covered employes be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular hourly rate at which he or she is employed. *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

68.    At all times material herein, Plaintiff and the Pennsylvania Class members are covered employees entitled to the protections of the PMWA. 43 Pa. Stat. § 333.103(h). Plaintiff and the Pennsylvania Class members are not exempt from the PMWA.

69.    Defendant is a covered employer required to comply with the PMWA's mandates. 43 Pa. Stat. § 333.103(g).

70.    The PMWA defines "wages" as "compensation due to any employee by reason of his or her employment." 43 Pa. Stat. § 333.103(d).

71.    Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek," which the Pennsylvania Department of Labor has defined as "a period of 7 consecutive days." 34 Pa. Code. § 231.42.

72.    Defendant violated the PMWA with respect to Plaintiff and the members of the Pennsylvania Class by, among other things, failing to compensate them for all hours worked and, with respect to such hours, failing to pay the legally mandated

minimum wage or overtime premium for such work. Defendant also violated the PMWA by failing to keep true and accurate records of all hours worked by Plaintiff and the members of the Pennsylvania Class. 43 Pa. Stat. § 333.108.

73.     Defendant maintains policies and procedures that force Plaintiff and the members of the Pennsylvania Class to work off the clock, without compensation. Due to the systematic denial of compensation for their off-the clock work time, Plaintiff and the members of the Pennsylvania Class are routinely compensated at a rate that is less than the statutory minimum wage. 34 Pa. Code. § 231.42.

74.     Due to the systematic off-the clock work, Plaintiff and the members of the Pennsylvania Class are routinely not compensated at the overtime rate for work performed off-the-clock when the hours worked are more than 40 in a week.

75.     Plaintiff and the members of the Pennsylvania Class regularly work well in excess of forty hours per workweek.

76.     Long work schedules without accurate time reporting regularly results in payment at rates below the statutory minimum wage.

77.     By failing to maintain adequate time records as required by the PMWA, 43 Pa. Stat. § 333.108, Defendant makes it difficult to calculate the minimum-wage compensation due to Plaintiff and the members of the Pennsylvania Class.

78.     Plaintiff and the members of the Pennsylvania Class are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of this Complaint,

plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the PMWA.

79.    As a result of these violations of the PMWA, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the members of the Pennsylvania Class. Accordingly, Defendant is liable for unpaid wages, attorney's fees, and costs of this action.

## COUNT III
### Violation of the Pennsylvania Wage Payment Collection Law
### <u>(On Behalf of Plaintiff and the Pennsylvania Class)</u>

80.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

81.    At all times material herein, Plaintiff and the members of the Pennsylvania Class are covered employees entitled to the protections of the Pennsylvania Minimum Wage Payment Collection Law ("PWPCL"). 43 Pa. Stat. § 260.9a(a).

82.    Defendant is a covered employer required to comply with the PWPCL's mandates. 43 Pa. Stat. § 260.1.

83.    The PWPCL defines "wages" as "[i]ncluding all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation." 43 Pa. Stat. § 260.1.

84.    The PWPCL, 43 Pa. Stat. § 260.5(a), provides that:

Whenever an employer separates an employee from the payroll,

or whenever an employee quits or resigns his employment, the
wages or compensation earned shall become due and payable not
later than the next regular payday of his employer on which such
wages would otherwise be due and payable. If requested by the
employee, such payment shall be made by certified mail.

85.    Pursuant to the PWPCL, Defendant is obligated to pay employees all

wages and overtime earned within fifteen days of the end of the pay period. 43

Pa. Stat. § 260.3.

86.    The PWPCL, 43 Pa. Stat. § 260.10, provides that:

Where wages remain unpaid for thirty days beyond the regularly
scheduled payday, or, in the case where no regularly scheduled
payday is applicable, for sixty days beyond the filing by the
employee of a proper claim or for sixty days beyond the date of
the agreement, award or other act making wages payable, or
where shortages in the wage payments made exceed five percent
(5%) of the gross wages payable on any two regularly scheduled
paydays in the same calendar quarter, and no good faith contest
or dispute of any wage claim including the good faith assertion
of a right of set-off or counter-claim exists accounting for such
non-payment, the employee shall be entitled to claim, in addition,
as liquidated damages an amount equal to twenty-five percent
(25%) of the total amount of wages due, or five hundred dollars
($500), whichever is greater.

87.    The PWPCL imposed a duty on employers to notify their employees of

the time and place of payment and the rate of pay to be paid. 43 Pa. Stat. § 260.4.

88.    The PWPCL also provides that "[n]o provision of this act shall in any

way be contravened or set aside by private agreement." 43 Pa. Stat. § 260.7.

89.    The PWPCL, 43 Pa. Stat. 260.9a(a), provides that:

Actions by an employee, labor organization, or party to whom
any type of wages is payable to recover unpaid wages and

18

> liquidated damages may be maintained in any court of competent jurisdiction, by such labor organization, party to whom any type of wages is payable or any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action or on behalf of all employees similarly situated. Any such employee, labor organization, party, or his representative shall have the power to settle or adjust his claim for unpaid wages.

90.    Defendant violated the PWPCL with respect to Plaintiff and the members of the Pennsylvania Class by, among other things, failing to pay all earned wages within the time set by the PWPCL.

91.    Defendant further violated the PWPCL by failing to keep true and accurate records of all hours worked by Plaintiff and the members of the Pennsylvania Class.

92.    By failing to notify Plaintiff and the members of the Pennsylvania Class about the time and place for payment of their overtime hours, Defendant violated the PWPCL and caused economic harm to Plaintiff and the members of the Pennsylvania Class. 43 Pa. Stat. § 260.4.

93.    Defendant violated the PWPCL by failing to notify Plaintiff and the members of the Pennsylvania Class that Defendant did not intend to pay them at an overtime rate for working their scheduled overtime hours in violation of 43 Pa. Stat. § 260.4.

94.    As a result of the aforesaid violations of the PWPCL, Plaintiff and the members of the Pennsylvania Class are entitled to recover all unpaid overtime wages,

mandatory attorney's fees and costs of suit, liquidated damages of twenty-five percent (25%), and prejudgment interest. 43 Pa. Stat. §§ 260.9a(a), 260.10.

## COUNT IV
## Unjust Enrichment
## (On Behalf of Plaintiff and the Pennsylvania Class)

95.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

96.    Defendant has received and benefited from the uncompensated labor of Plaintiff and the members of the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment under the common law of Pennsylvania.

97.    At all times relevant herein, Defendant devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work from Plaintiff and the members of the Pennsylvania Class without paying them the lawful and appropriate minimum wage, regular rate, or overtime premium for all hours worked.

98.    Contrary to all good faith and fair dealing, Defendant induced Plaintiff and the members of the Pennsylvania Class to perform work while failing to pay the minimum wage, regular rate, or overtime compensation for all hours worked as required by law.

99.    By reason of having secured the work and efforts of Plaintiff and the members of the Pennsylvania Class without paying them all the compensation required by law, Defendant enjoyed reduced overhead with respect to its labor costs, and therefore

20

realized additional earnings and profits to their own benefit and to the detriment of Plaintiff and the members of the Pennsylvania Class. Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

100.   Accordingly, Plaintiff and the members of the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

a.   An order permitting this litigation to proceed as a FLSA collective action pursuant to 29 U.S.C. § 216(b);

b.   Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to the potential Collective;

c.   An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

d.   Damages (including all unpaid overtime compensation and all unpaid wages) and pre-judgment and post-judgment interest to the fullest extent permitted under the law;

e.   All compensatory damages due under the FLSA and Pennsylvania law, including lost wages, earnings, and other employee benefits,

restitution, and all other sums of money owed to Plaintiff, and Class

Members, together with interest on these amounts, according to

proof;

f.  Liquidated damages and penalties to the fullest extent permitted under

the law;

g.  Litigation costs, expenses, and attorneys' fees to the fullest extent

permitted under the law; and

h.  Such other and further relief as this Court deems just and proper.

## **<u>JURY DEMAND</u>**

Plaintiff hereby demands a jury trial on all claims and issues.

Dated:  May 24, 2024                   Respectfully submitted,

By: *<u>/s/ Gary F. Lynch</u>*
Gary F. Lynch (PA ID No. 56887)
Jamisen A. Etzel (PA ID No. 311554)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Fax: (412) 231-0246
Gary@lcllp.com
Jamisen@lcllp.com

Carolyn H. Cottrell (*pro hac vice* forthcoming)
Ori Edelstein (*pro hac vice* forthcoming)
Eugene Zinovyev (*pro hac vice* forthcoming)
**SCHNEIDER WALLACE COTTRELL
KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel.: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com

*Attorneys for Plaintiff and the Proposed Class*